UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TERRY TYRONE PULLEN, JR.,

    Plaintiff,                                       Case No. 3:20-cv-198

vs.

TIFFANY CALDWELL, *et al*.,          District Judge Walter H. Rice
                                                               Magistrate Judge Michael J. Newman

    Defendants.

_____

**ORDER AND ENTRY: (1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF FEES (DOC. 1); AND (2) AUTHORIZING SERVICE OF PRO SE PLAINTIFF'S COMPLAINT (DOC. 1-1)**
_____

       This civil case is before the Court on the motion filed by *pro se* Plaintiff Terry Tyrone Pullen, Jr. ("Plaintiff"), a prisoner, for leave to proceed without the prepayment of fees, *i.e.*, to proceed *in forma pauperis*. Doc. 1. In accordance with 28 U.S.C. §§ 1915(b)(1)(A)-(B), Plaintiff must pay an initial partial filing fee of 20 percent of the greater of the average monthly deposits to his prison account or the average monthly balance of his account for the six-month period immediately preceding the filing of the complaint. After payment of the initial partial filing fee, Plaintiff is further required to make monthly payments of 20 percent of the preceding month's income credited to his prison account until he pays the full amount of the filing fee. 28 U.S.C. § 1915(b)(2).

       Plaintiff's application reveals that he has insufficient funds in his prison account to pay the full filing fee; he currently possesses the sum of $46.86 as of May 9, 2020 in his prison account; his average monthly balance for the six-month period prior to the filing of the complaint is $3.35 and, his average monthly deposits for the six-month period prior to the filing of the complaint amounted to $52.64. Based upon the Court's consideration of Plaintiff's affidavit of indigence, Plaintiff's motion to proceed IFP (doc. 1) is **GRANTED**.

Prior to issuance of process, it is appropriate for the Court to conduct a review of Plaintiff's complaint *sua sponte* "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review, the Court must dismiss any case it determines is "frivolous or malicious," fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint should be dismissed as frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke*, 490 U.S. at 325. A plaintiff sets forth no arguable factual basis where the allegations asserted are "fantastic or delusional"; and presents no arguable legal basis when advancing "indisputably meritless" legal theories, *i.e.*, when the defendant is immune from suit, or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Courts may also dismiss a complaint *sua sponte* for failure to state a claim upon which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(ii).

In conducting this initial review under § 1915, the Court accepts *pro se* Plaintiff's allegations as true and construes them liberally in his favor. *See Donald v. Marshall*, No. 84-3231, 1985 WL 13183, at *1 (6th Cir. Apr. 5, 1985). While *pro se* pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), *pro se* plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). To demonstrate grounds for relief, the Federal Rules of Civil Procedure require that "[a] pleading that states a claim for relief must contain[,]" *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). In addition, allegations set forth in a pleading "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Here, having fairly and carefully conducted this required initial review, the Court finds that, in the interest of justice, dismissal under 28 U.S.C. § 1915 is neither appropriate nor warranted at this early stage of the litigation. Accordingly, this case should proceed to service of the complaint.

Based on all of the foregoing, Plaintiff's motion to proceed IFP (doc. 1) is hereby **GRANTED** pursuant to 28 U.S.C. § 1915(b) as follows: **Plaintiff is assessed an initial partial filing fee of $10.53** (20 percent of his average monthly deposits for the six-month period prior to filing his complaint). The incarcerating institution is **ORDERED** to forward from Plaintiff's prison account to the Clerk of Court located in Dayton, Ohio the initial partial filing fee assessed against Plaintiff forthwith. *See McGore*, 114 F.3d at 606. Thereafter, the incarcerating institution is **ORDERED** to forward to the Clerk of Court located in Dayton, Ohio monthly payments of 20 percent of plaintiff's preceding month's income credited to his prison account each time the amount of Plaintiff's account exceeds $10.00 until the full amount of the filing fee, *i.e.*, $350.00, is paid. *See id*. **The prisoner's name and case number must be noted on each remittance.**

Checks are to be made payable to: **Clerk, U.S. District Court**

Checks are to be sent to:

> **Prisoner Accounts Receivable**
> **Room 712**
> **200 West Second Street**
> **Dayton, Ohio 45402**

The Clerk is **ORDERED** to mail a copy of this Order to Plaintiff and the incarcerating institution's cashier's office. The Clerk of Court is further **ORDERED** to forward a copy of this Order to the Court's financial office in Dayton.

Additionally, Plaintiff is **ORDERED** to advise the Court, within **SEVEN (7) DAYS**, if he is released from incarceration for any reason. The Court **ADVISES** Plaintiff that his failure to so

3

notify the Court may lead to the imposition of sanctions up to and including the dismissal of his complaint.

Further, upon receipt of the required forms necessary to effectuate service of process, the U.S. Marshal is **ORDERED** to serve Defendants.  The Court **NOTIFIES** Plaintiff of his duty to complete service of process on all Defendants within 90 days from the date of this Order, and **ADVISES** him that his failure to do so may result in the dismissal of this case without prejudice. *See* Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED.**

Date:  June 19, 2020   　　　　　　　　　　　　　s/Michael J. Newman
　　　　　　　　　　　　　　　　　　　　　　　　Michael J. Newman
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge