UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TERRY TYRONE PULLEN, JR., | : | Case No. 3:20-cv-198 |
| Plaintiff, | : | |
| vs. | : | Magistrate Judge Sharon L. Ovington |
| | : | (by full consent of the parties) |
| TIFFANY CALDWELL, *et al.*, | : | |
| Defendants. | : | |

# DECISION & ORDER

This matter is before the Court on a Motion for Judgment on the Pleadings filed by Defendants Tiffany Caldwell, Jenny Christner, and Interested Party the State of Ohio on behalf of John Doe #1[1] ("the State Defendants"). (Doc. #14). Plaintiff Terry Tyrone Pullen, Jr. has not responded to that motion within the extended time permitted by this Court. (*See* Doc. # 17).

---

[1] The State observes that John Doe #1 has not been served and that by appearing on his behalf, it does not waive lack of service or other defenses. (Doc. #14, p. 2, n.1, citing Ohio Rev. Code § 109.361). Although the lack of service on Doe #1 is not among the bases for judgment set forth in the State Defendants' current motion, pursuant to Fed. R. Civ. P. 4(m), a court "must dismiss . . . without prejudice" the action against any defendant who is not served within 90 days after the complaint is filed. Plaintiff's complaint was filed more than one year ago, on June 22, 2020. (*See* Doc. #3). Accordingly, irrespective of the Court's analysis below, Pullen's claims against Doe #1 would be subject to dismissal without prejudice in their entirety for that additional reason.

1

Also before the Court are the State Defendants' unopposed Motion to Stay or Modify the Dispositive Motion Deadline (Doc. #18) and Pullen's Motion Requesting Time Exten[s]ion. (Doc. #20). This Court's resolution of the Motion for Judgment on the Pleadings will impact the appropriate outcome of the latter two motions.

**FACTUAL & PROCEDURAL BACKGROUND/THE PARTIES' CLAIMS**

On June 22, 2020, Pullen filed a 17-page *pro se* complaint against Caldwell and Doe #1, both of whom he identifies as Ohio adult parole officers; Christner, whom he identifies as an Ohio adult parole supervisor; and two Volunteers of America ["VOA"] staff members.[2] Pullen, who at the time of filing was an inmate at the Lorain Correctional Institution, alleges that the State Defendants violated his Fifth, Eighth, and Fourteenth Amendment rights under the U.S. Constitution by assigning him, upon his February 20, 2020 release from the Ohio State Penitentiary, to a placement at a VOA halfway house in Dayton, Ohio. Pullen contends that the State Defendants made that placement assignment without first investigating his mother's home as a suitable placement; he avers that his mother's home was among three addresses he provided to parole officials as his preferred placement sites while on Post-Release Control ["PRC"]. He further contends that when he objected to

---

[2] Pullen's claims against the VOA Defendants are irrelevant to the current motion and will not be discussed herein.

being required to complete a 120-day program at VOA, he was booked into the Montgomery County Jail, found guilty of parole violations, and transferred back to state prison to serve out a parole violation sanction of 120 days of his remaining prison term.

Plaintiff's complaint specifies that the State Defendants are sued in both their individual and official capacities. (*See* Doc. #3, p. 14, β 27). In addition to asserting federal constitutional claims, Pullen alludes to state law claims for breach of contract, false imprisonment, civil conspiracy, and retaliation, all arising from Defendant Caldwell's alleged falsification of information about her investigation of Pullen's preferred placement sites, Defendants Caldwell's and Doe #1's alleged conduct in having Pullen assigned to a 120-program at VOA, and Defendant Christner's alleged ratification of Caldwell's and Doe #1's actions. (*See* Doc. #3, pp. 10-14, ββ 20-24).

The State Defendants now move for judgment on the pleadings on a variety of grounds. (Doc. #14). First, they suggest that Pullen's complaint consists of "conclusory statements of law" that are inadequate to satisfy Fed. R. Civ. P. 8(a)(2)'s notice pleading requirements and that such complaint therefore should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (*Id.*, pp. 2, 8-9). They further assert that the individual State Defendants are immune from suit in their official capacities, and that the claims against them in

3

their individual capacities should be dismissed for lack of jurisdiction. (*Id.*, pp. 2, 9-12). Finally, the State Defendants contend that Pullen has failed to state any viable constitutional claim because his "general disagreement with the OAPA's [Ohio Adult Parole Authority's] choice of placement is not actionable." (*Id.*, pp. 2, 12-15). They ask that Pullen's claims against them be dismissed with prejudice and that costs be assessed against him. (*Id.*, p. 15).

## **APPLICABLE LAW REGARDING JUDGMENT ON THE PLEADINGS**

In determining a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), "all well-pleaded material allegations of the pleadings of the [non-movant] must be taken as true." *U.S. v. Moriarty*, 8 F.3d 329, 332 (6th Cir.1993) (quoting *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir.1993)). "The motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir.1991).

Where a Rule 12(b)(6) defense of failure to state a claim upon which relief may be granted is raised by a Rule 12(c) motion for judgment on the pleadings, the court must apply the standard for a Rule 12(b)(6) motion. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir.1987). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct.

4

1937, 173 L.Ed.2d 868 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Thus, "[t]he motion for a judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court." *Scuba v. Wilkinson*, No. 1:05-CV-718, 2006 WL 1149318, at *1 (S.D. Ohio Mar. 6, 2006), quoting Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1367 (2005).

## ANALYSIS

### I. Motion for Judgment on the Pleadings

*a. Viability of constitutional challenge to PRC placement*

Pullen contends that the State Defendants violated his Fifth, Eighth, and Fourteenth Amendment rights[3] when they assigned him to live at a VOA site during PRC without first investigating his mother's home as an appropriate PRC placement. The Court finds persuasive the Defendants' contention that Pullen lacked any protected constitutional interest in the location of his PRC placement.

Ohio Rev. Code § 2967.28 prescribes the period of post-release control to which any Ohio felony offender "shall" be subject after his or her release from prison. Until any such offender has successfully completed PRC or a court has

---

[3] Although he does not explicitly so state, Pullen presumably intends to invoke his rights to due process and/or equal protection, and against excessive punishment.

5

terminated that PRC, he or she remains under the supervision of the Ohio Adult Parole Authority ["OAPA"]. Ohio Rev. Code § 2967.16. Ohio law grants the OAPA broad discretion in supervising persons on PRC and in enforcing the applicable terms and conditions, including as to residential and nonresidential sanctions. *See, e.g.,* Ohio Rev. Code §§ 2967.131, 2929.16-2929.18.

As previously noted by a court of this district, "Ohio prisoners have no constitutional entitlement to release on parole before expiration of their maximum term of imprisonment." *Burke v. Smith,* No. 2:07-CV-665, 2008 WL 4448996, at *2 (S.D. Ohio Sept. 26, 2008), citing *Inmates of Orient Correctional Institute v. Ohio State Adult Parole Authority,* 929 F.2d 233 (6th Cir.1991); *Jago v. Van Curen,* 454 U.S. 14, 20-21, 102 S.Ct. 31, 70 L.Ed.2d 13 (1981); *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). In *Burke*, an Ohio inmate brought a constitutional challenge to the Ohio Department of Rehabilitation and Correction's ["ODRC"] cancelation of his early release on PRC after he participated in the Intensive Prison Program ["IPP"]. Because the applicable regulations gave ODRC discretion regarding the conditions of the inmate's release, *see id.*, the federal court found the inmate to have "no protectible liberty interest" in early release. *Id.* at *3.

As in *Burke, supra,* the regulations governing the terms and conditions of Pullen's period of post-release control afford broad discretion to the OAPA. Pullen

6

has cited no authority for the proposition that he has a constitutionally-protected interest in the location of his placement during PRC, and existing precedent supports a conclusion that no such protected interest exists. *See id.* Accordingly, even if the factual allegations of Pullen's complaint are accepted as true, Pullen has failed to "state a claim to relief that is plausible on its face." *See Iqbal*, 556 U.S. at 678. The State Defendants therefore are entitled to judgment on the pleadings as to Pullen's claim based on their alleged failure to investigate his mother's home as a possible placement while Pullen was on PRC.

   b. *Immunity*

A second basis that the State Defendants advance as warranting judgment in their favor on the pleadings is an assertion that they, as employees of the State of Ohio, are the beneficiaries of sovereign immunity from suit as to claims brought against them in their official capacities. They urge that Pullen's official capacity claims must be dismissed. Further, they urge that Ohio law provides qualified immunity from state law claims brought against them in their individual capacities, and that such claims must be initiated in the Ohio Court of Claims for a determination of their entitlement to qualified immunity. The State Defendants contend that Pullen's claims against them in their individual capacities should be dismissed because he failed to satisfy that condition precedent to suit in this Court.

   Official capacity claims

Suits for monetary damages brought against state employees in their official capacities are barred by the Eleventh Amendment to the United States Constitution unless the state itself has consented to be sued. *See Papasan v. Allain,* 478 U.S. 265, 276, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1981). As the United States Supreme Court made clear in *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989),

> a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.

The State of Ohio has not waived its immunity from suit in federal courts. *Stayner v. Ohio Dep't of Rehab. & Correction*, No. 2:09-CV-752, 2010 WL 2620586, at *3 (S.D. Ohio June 25, 2010), citing *Mixon v. State of Ohio,* 193 F.3d 389, 397 (6th Cir. 1999); *Haynes v. Marshall,* 887 F.2d 700, 705 (6th Cir. 1989); *Johns v. Supreme Court of Ohio,* 753 F.2d 524 (6th Cir. 1985). Because Ohio's Adult Parole Authority is an arm of the state, constitutional claims brought against its employees in their official capacities cannot proceed. Pullen's claims against Defendants Caldwell, Christner, and Doe #1 in their official capacities therefore will be dismissed with prejudice

<u>Individual/personal capacity claims</u>

By statute, the State of Ohio provides its officials and employees with qualified immunity from liability for state law claims, stating in pertinent part:

> [N]o officer or employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his [or her] duties, unless the officer's or employee's actions were manifestly outside the scope of his [or her] employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

Ohio Rev. Code § 9.86. Designed to be applied in tandem with the above provision, Ohio Rev. Code § 2743.02(F) further provides that

> [a] civil action against an officer or employee ... that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner *shall first be filed* against the state *in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity* under section 9.86 of the Revised Code.

(Emphasis added).

As determined by the Sixth Circuit Court of Appeals,

> Ohio law requires that, as a condition precedent to asserting a cause of action against a state employee in his individual capacity, the [Ohio] Court of Claims must first determine that the employee is not entitled to the immunity provided for in Revised Code section 9.86. Prior to that condition being satisfied, then, there is no claim under Ohio law upon which relief may be granted against state employees in their individual capacities.

*McCormick v. Miami Univ.*, 693 F.3d 654, 664-65 (6th Cir. 2012), quoting *Haynes v. Marshall,* 887 F.2d 700, 704 (6th Cir. 1989). *See also Haynes* at 705 ("Under Ohio

9

law, . . . state employees may not be sued unless and until it has been determined by the Court of Claims that they are not entitled to immunity").

In *McCormick*, "[t]here was no evidence presented that an Ohio Court of Claims ha[d] determined that the defendants were not entitled to immunity." *Id.* at 665. Accordingly, the appellate court affirmed the district court's dismissal of the plaintiff's state law claims for lack of subject matter jurisdiction. *Id*. The same result is appropriate here. Plaintiff has not stated that the Ohio Court of Claims previously addressed the issue of these individual State Defendants' entitlement to personal immunity under Ohio Rev. Code § 9.86 as to the state law claims that Plaintiff asserts against them in this action, and the record does not indicate that such condition precedent has been satisfied. Accordingly, Plaintiff's state law claims against Defendants Caldwell, Christner, and Doe #1 in their individual capacities must be dismissed without prejudice for lack of jurisdiction.

## II. Parties' Motions to Extend Deadlines

In light of the Court's foregoing determination that all of Pullen's claims against Defendants Caldwell, Christner, and Doe #1 are subject to Fed. R. Civ. 12(b)(6) dismissal, the parties' separate motions to extend pre-trial deadlines (Docs. #18, 20) in this matter are moot.

**IT THEREFORE IS ORDERED THAT**:

1. Defendants Tiffany Caldwell, Jenny Christner, and Interested Party the State of Ohio on behalf of John Doe #1's Motion for Judgment on the Pleadings (Doc. #14) is GRANTED in part and DENIED in part.;

2. Such Motion is GRANTED as to Plaintiff Terry Tyrone Pullen, Jr.'s claims against Defendants Caldwell, Christner, and Doe #1 under 42 U.S.C. §1983, and those claims are DISMISSED with prejudice for failure to state a cognizable constitutional claim;

3. Such Motion is GRANTED as to all of Pullen's claims against Defendants Caldwell, Christner, and Doe #1 in their official capacities, and those claims are DISMISSED with prejudice on the basis of sovereign immunity;

4. Such Motion is GRANTED in part as to Pullen's state law claims Defendants Caldwell, Christner, and Doe #1 in their individual capacities, and those claims are DISMISSED <u>without</u> prejudice for lack of jurisdiction;

5. Such Motion is DENIED in all other respects, including as to the State Defendants' request that Pullen's state law claims against them in their individual capacities be dismissed with prejudice; and

6. Defendants Caldwell, Christner, and Doe #1's Motion to Stay or Modify the Dispositive Motion Deadline (Doc. #18) and Plaintiff Pullen's Motion for Time Exten[s]ion both are DENIED as moot.

<u>July 14, 2021</u>                   <u>*s/Sharon L. Ovington*</u>
                                                  Sharon L. Ovington
                                                  United States Magistrate Judge

The Clerk of Court is directed to serve the following party by mail:

Terry Tyrone Pullen, Jr., #A686539
Toledo Correctional Institution
P.O. Box 80033
Toledo, OH  43608